MOSELEY BIEHL TSUGAWA LAU & MUZZI
A HAWAII LIMITED LIABILITY LAW COMPANY

CHRISTOPHER J. MUZZI (6939)
Bishop Place
1132 Bishop Street, Suite 2400
Honolulu, HI 96813
Telephone: (808) 531-0490
Facsimile (808) 534-0202
Email: cmuzzi@hilaw.us

*Counsel for Plaintiff Litigation Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>HAWAIIAN TELCOM COMMUNICATIONS, INC., et al.<br><br>    Debtors and<br>    Debtors-in-Possession. | Case No. 08-02005<br>(Chapter 11 Cases)<br>(Jointly Administered) |
| SHULTS & TAMM, ALC as LITIGATION TRUSTEE,<br><br>                     Plaintiff,<br><br>    vs.<br><br>CHIRIT, LLC.<br><br>                     Defendant. | Adversary Pro. No. 10-90144<br><br><br><br><br>HEARING:<br>DATE:  September 12, 2011<br>TIME:  9:30 a.m.<br>JUDGE: Lloyd King |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

50071/1/75917

Plaintiff SHULTS & TAMM, ALC'S Motion for Default Judgment against Defendant CHIRIT, LLC ("CHIRIT") came on for hearing on September 12, 2011. Christopher J. Muzzi, Esq. appeared on behalf of Plaintiff. No appearance was made by Defendant CHIRIT.

## I.   **FINDINGS OF FACT**

1. On December 1, 2008 (the "Petition Date"), Hawaiian Telcom Communications, Inc., Hawaiian Telcom Holdco, Inc., Hawaiian Telcom, Inc., Hawaiian Telcom Services Company, Inc., Hawaiian Telcom IP Service Delivery Investment, LLC, Hawaiian Telcom IP Service Delivery Research, LLC, Hawaiian Telcom IP Video Investment, LLC and Hawaiian Telcom IP Video Research, LLC, as debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases came to be jointly administered in the United States Bankruptcy Court for the District of Hawaii under Case No. 08-02005.

2. On October 10, 2008, which is within 90 days of the Petition Date, Debtors transferred to CHIRIT the sum of $16,035.00.

3. On November 28, 2008, which is within 90 days of the Petition Date, Debtors transferred to CHIRIT the sum of $9,375.00. The

October 10, 2008 and the November 28, 2008 transfers are collectively referred to as the "Transfers".

4. The Transfers were made on account of an antecedent debt in that the October 10, 2008 transfer was payment on an invoice dated September 25, 2008 for services rendered in July of 2008, and the November 28, 2008 transfer was payment on an invoice dated November 14, 2008 for services rendered in August of 2008.

5. The Transfers enabled CHIRIT to receive more than it otherwise would in a Chapter 7 case had the Transfers not been made.

6. The Trustee timely commenced this adversary proceeding on November 29, 2010 to avoid the Transfers to CHIRIT. Adv. Docket # 1.

7. The Plaintiff caused a Summons to be issued on November 29, 2010. Adv. Docket # 2.

8. Also, on November 29, 2010, Plaintiff served the Complaint on CHIRIT by First Class U.S. Mail, postage prepaid, pursuant to Fed. R. Bankr. P., Rule 7004(b)(3). A Certificate of Service was filed on November 29, 2010 along with the Summons. Adv. Docket # 2.

9. A Scheduling Conference in this matter was originally set for February 24, 2011, but was continued to March 17, 2011.

U.S. Bankruptcy Court - Hawaii   #10-90144   Dkt # 20   Filed 10/03/11   Page 3 of 8

10. On March 10, 2011 Plaintiff filed its First Amended Complaint. Adv. Docket # 5. As a result, a new scheduling Conference was set in this case for May 11, 2011 at 9:30 a.m.

11. Plaintiff caused an Amended Summons to be issued on March 10, 2011. Adv. Docket # 6.

12. Also on March 10, 2011, Plaintiff served the Amended Complaint and Amended Summons on Defendant CHIRIT by First Class U.S. Mail, postage prepaid, and certified mail pursuant to Fed. R. Bankr. P., Rule 7004(b)(3). A Certificate of Service was filed on March 10, 2011 along with the Amended Summons. Adv. Docket # 6.

13. An answer or other responsive pleading was due on or before April 11, 2011 pursuant to Fed. R. Bankr. P., Rule 7012(a). On April 11, 2011, the Plaintiff granted CHIRIT a two week extension, from April 11, 2011 through and including April 25, 2011, to respond to the First Amended Complaint filed on March 10, 2011.

14. CHIRIT did not file an answer or responsive pleading, and did not file a Scheduling Conference Statement or attend the May 11, 2011 Scheduling Conference.

15. The clerk entered default against CHIRIT on May 16, 2011. Adv. Docket # 12.

16. On July 19, 2011, the Trustee filed its Motion for Default Judgment against CHIRIT. Adv. Docket # 15

17. On July 19, 2011, CHIRIT was served with the Motion for Default Judgment, the Trustee's Exhibit List and the Notice of Hearing. Adv. Docket # 16-17.

18. CHIRIT did not file an opposition to the Motion for Default Judgment and did not appear at the hearing on the Motion for Default Judgment held on September 12, 2011.

## II. CONCLUSIONS OF LAW

1. Federal Rules of Civil Procedure Rule 55(b)(2), made applicable herein by Federal Rules of Bankruptcy Procedure Rule 7052, applies to the Motion for Default Judgment. Further,

> In entering a default judgment, the trial court has discretion whether to "conduct such hearings or order such references as it deems necessary and proper" in order to "establish the truth of any averment...." Fed.R.Civ.P. 55(b)(2). In this regard, plaintiffs may be required to establish through affidavit their prima facie case showing entitlement to judgment. See Televideo Systems Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir.1987).

In re Stuart, 88 B.R. 247 (9th Cir. BAP 1988) (citations omitted) (emphasis added).

2. In order to prove its prima facie case for an avoidable preference under 11 U.S.C. § 547(b), the Trustee must prove:

U.S. Bankruptcy Court - Hawaii #10-90144 Dkt # 20 Filed 10/03/11 Page 5 of 8

a. Any transfer of an interest of the debtor in property;
b. To or for the benefit of a creditor;
c. For or on account of an antecedent debt owed by the debtor before such transfer was made;
d. Made while the debtor was insolvent;
e. Made 90 days before the date of the filing of the petition; and which
f. Enables the creditor to receive more than such creditor would receive if:
   (i) The case was a case under chapter 7 of the Bankruptcy Code;
   (ii) The Transfer had not been made; and
   (iii) The creditor received payment of its debt to the extent provided by the Bankruptcy Code.

3. The Trustee has established a prima facie showing of each of the elements of 11 U.S.C. § 547(b).

4. The Transfers made by the Debtors to CHIRIT were received by CHIRIT, thus satisfying the requirements of a transfer of an interest of the debtor in property that is to or for the benefit of a creditor.

5. The Transfers were for and on account of an antecedent debt as the Transfers related to an invoice dated September 25, 2008 for services rendered in July of 2008, and to an invoice dated November 14, 2008 for services rendered in August of 2008.

6. The Transfers were made on or about October 10, 2008 and November 28, 2008, which dates were within 90 days of the Petition Date.

7. Pursuant to 11 U.S.C. § 547(f), the Debtors were presumed to be insolvent during the 90 days immediately preceding the Petition Date.

8. Here, through the Debtors' Chapter 11 plan, unsecured creditors will receive a recovery of between 1% - 2% of their claim.

9. General unsecured creditors would likely have received less if the case were one under Chapter 7.

10. If the distribution is less than 100%, any payment to an unsecured creditor during the preference period will allow the creditor to receive more than it would have received in a liquidation if the payment had not been made. In re Lewis W. Shurtleff, Inc., 778 F.2d 1416, 1421 (9th Cir. 1985). ("[A]s long as the distribution in bankruptcy is less than one-hundred percent, any payment 'on account' to an unsecured creditor during the preference period will enable that creditor to receive more than he would have received in liquidation had the payment not been made.").

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment against CHIRIT is GRANTED.

The Court will enter a separate Judgment by Default against CHIRIT in the amount of $25,410 plus court filing costs in the amount of

50071/1/75917                       7

U.S. Bankruptcy Court - Hawaii #10-90144 Dkt # 20 Filed 10/03/11 Page 7 of 8

$250.00. In addition, interest is hereby awarded to Plaintiff at the rate provided in 28 U.S.C. §1961.

To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

/s/ Lloyd King     SEP 3 0 2011
United States Bankruptcy Judge

---

In re Hawaiian Telcom Communications, Inc., Bk. No. 08-02005; Shults & Tamm. ALC v. CHIRIT, LLC, Adversary Pro. No. 10-90144; FINDINGS OF FACT AND CONCLUSIONS OF LAW

50071/1/75917

8

U.S. Bankruptcy Court - Hawaii  #10-90144  Dkt # 20  Filed 10/03/11  Page 8 of 8